**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7266**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROGER CHARLES DAY, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:07-cr-00154-JAG-3; 3:14-cv-00305-JAG)

Submitted: December 18, 2018                    Decided: December 21, 2018

Before AGEE, THACKER, and HARRIS, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Roger Charles Day, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Charles Day, Jr., seeks to appeal the district court's final orders dismissing his combined 28 U.S.C. § 2255 (2012) and Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C. § 2255 motion, and dismissing it on that basis, and denying his Fed. R. Civ. P. 59(e) motion. The orders denying Day's successive § 2255 motion and his Rule 59(e) motion are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability (COA) will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Day has not made the requisite showing. Accordingly, we deny a COA and dismiss in part the appeal.

Insofar as Day appeals that part of the district court's order construing his Rule 60(b) motion as a successive § 2255 motion, we deny the COA as unnecessary and affirm. *See Harbison v. Bell,* 556 U.S. 180 (2009); *United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

Additionally, we construe Day's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Day's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

Accordingly, we deny a COA and dismiss in part and affirm in part the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART, AFFIRMED IN PART*